

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JACQUELYN A. DAINOW**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-0896<br>Fax: (212) 356-1148<br>Email: jadainow@law.nyc.gov |

June 1, 2023

VIA E.C.F.
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: Morgan *et al.* v. City of New York, No. 23 Civ. 1079 (NRB)

Dear Judge Buchwald:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York ("City") in the above-referenced matter.  The City writes (1) in opposition to Plaintiffs' May 26, 2023 letter motion for an endorsement of their proposed discovery schedule (ECF No. 13), and (2) to respectfully request a stay of discovery pending the ongoing New York City Department of Correction ("DOC") investigation into the underlying incident at issue until 30 days after the investigation has concluded.

      Plaintiffs' Complaint (ECF No. 1) asserts federal and state law claims against the City and various John Doe Defendants arising from the suicide of Michael Nieves on August 25, 2022 while in the custody of the DOC.  That incident is the subject of a current and ongoing investigation by the DOC Special Investigations Unit ("SIU").  Defendant City therefore respectfully requests a stay of this matter, pending the resolution of that DOC investigation for the following reasons.

      Preliminarily, a stay here would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation.  As described in the Complaint, most of the John Doe defendants are DOC employees (captain and correction officers).  Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question and were not in violation of any agency rule of regulation.  Absent a stay, this Office would likely be required to represent these DOC employees prior to learning the outcome of SIU's investigation concerning their conduct.  Should the investigation later find any of them responsible for any wrongdoing or misconduct in connection with the incident that is the subject of this litigation, defense counsel would be conflicted out of the matter entirely and new counsel would need to be retained for all defendants.  Such a scenario would likely cause a greater disruption to the instant action than the requested stay.  *See Heth & JED Community Rockers v. City of New York*, 12-cv-1080 (PAE), ECF No. 6 (S.D.N.Y. Apr. 12, 2012) (granting a stay due to a pending

IAB investigation relating to the incident underlying the lawsuit as it may impact the ability of counsel for the City to represent the individual defendants).

Furthermore, Plaintiffs will undoubtedly seek production of the SIU file, which (to the extent it exists) will be protected from discovery by the deliberative process privilege prior to the conclusion of the DOC investigation. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted). *See also A.C.L.U. v. N.S.A.*, 925 F.3d 576, 592 (2d Cir. 2019) ("the deliberative process privilege ensures 'frank discussion' and protects agencies from being 'forced to operate in a fishbowl' . . . [T]he deliberative process privilege promotes reasoned policy-making in general."); *Drew v. City of New York*, 18-cv-8529 (JMF), 2019 U.S. Dist. LEXIS 237244 (S.D.N.Y. Feb. 22, 2019) (staying case "pending the resolution of the ongoing Department of Correction investigation into the incidents alleged in this case."); *Rutigliano v. United States DOJ*, 847 Fed. Appx. 86, 87 (2d Cir. 2021) ("[The memorandum] is protected by the deliberative process privilege because it is a pre-decisional, intra-agency document memorializing 'deliberations concerning an assessment of the facts that were gathered during the Grand Jury investigation.'")

Moreover, any discovery concerning the SIU investigation – which overlaps entirely with the Complaint – would be protected from disclosure by the law enforcement privilege. "The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988). Notably, the law enforcement privilege applies with particular force where discovery would lead to interference with a pending investigation." *Schiller v. City of New York*, 252 F.R.D. 204, 207, 212 (S.D.N.Y. Aug. 13, 2008); *see also Murchison-Allman v. City of New York,* 115 F. Supp. 3d 447, 448 (S.D.N.Y. July 23, 2015); *Aguilar v. Immigration & Customs Enforcement Div. of the United States Dep't of Homeland Sec.*, 259 F.R.D. 51, 56 (S.D.N.Y. June 23, 2009). However, "[t]he City is still required to show how disclosure of specific information would jeopardize or harm the investigation." *Schiller,* 252 F.R.D. at 212.

Of note, courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by DOC. *See, e.g., Shy-Kym Samuel v. Captain Polpotic, et al.*, 18-cv-4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (ECF No. 20 (endorsed letter granting stay pending DOC investigation)); *Michael Megginson v. C.O. Molina, et al.*, 18-cv-5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (ECF No. 19 (endorsed letter granting limited stay pending DOC investigation)); *Christopher H. Cano v. Officer Oxley*, 18-cv-3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (ECF No. 15, at 2 (granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction")). *See also Saleh et al v. The City of New York*, 12-cv-00278 (ERK) (SMG) (E.D.N.Y. May 10, 2012) (granting stay due to pending IAB investigation

as denial of a stay would complicate and prolong litigation); *Troy Jones v. City of New York et al.,* 14-cv-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (granting stay due to pending open CCRB investigation); *Annan v. City of New York*, 12-cv-2702 (CBA) (CLP) (E.D.N.Y. Sept. 7, 2012) (ECF No. 24 (granting stay in *pro se* case due to open IAB investigation)); *Debra Constantino v. City of New York et al.,* 13-cv-4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013) (granting stay due to pending CCRB investigation); *Butler v. City of New York*, 12-cv-3759 (JPO) (S.D.N.Y. Sept. 7, 2012) (ECF No. 10 (granting stay in light of open Internal Affairs investigation into incident alleged in the complaint)); *Ortiz v. City of New York*, 13-cv-07367 (LTS), ECF No. 20 (S.D.N.Y. June 10, 2014) (staying case during pendency of CCRB investigation).

Here, the SIU is investigating a few individuals in connection with the events surrounding Mr. Nieves' death on August 25, 2022. Disclosing DOC records and subjecting DOC personnel to depositions would unduly interfere with the pending investigation. Specifically, there is a great concern that release of the investigative reports before the investigation is completed will inhibit the collection of information from other sources, who may be concerned that the subjects of the investigation will retaliate against them or otherwise attempt to undermine the probative value of their testimony. Such disclosure and deposition testimony also may taint witnesses' statements to be taken in the course of the SIU investigation or in this case. Additionally, the witnesses who provide information to the SIU investigators may have an expectation that they will not be disclosed as the source of information while the investigation is pending. Accordingly, for the aforementioned reasons, just like in *Drew v. City of New York,* a stay is appropriate in this matter.

A stay is also being requested to allow the parties to engage in meaningful settlement discussions. Although Plaintiffs finally provided an initial demand to the City on May 5, 2023, in response to the City's multiple requests, the City cannot respond instantaneously, contrary to Plaintiffs' counsel's wishes. There are various levels of internal review, as well as a final review by the Comptroller, that must be undertaken in order for the undersigned to obtain settlement authority. While Defendants are interested in settling this matter and are in the process of obtaining settlement authority, a stay will allow the parties to concentrate on such negotiations without needing to devote the time and resources (as well as the accumulation of attorneys' fees) required by discovery.

Finally, Plaintiffs will not be prejudiced in the event that the case is stayed because the plaintiff-decedent is deceased. Further, the documents relevant to the case will have been obtained and preserved by DOC during the investigation. *See generally Rosenthal v. Giuliani*, 98-cv-8408 (SWK), 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties."). Moreover, the claims in this case arise from an incident that allegedly occurred in late 2022, reducing concerns regarding the expiration of any relevant statute of limitations.

Accordingly, the City respectfully requests that this Court deny Plaintiff's application to endorse their proposed discovery schedule, grant Defendants' request to stay this action pending the ongoing investigation into the underlying incident until 30 days after the investigation has concluded, and for such other and further relief as this Court deems just and proper.

In the event that this Court decides not to grant a stay, Defendants propose the following alternate discovery schedule:

1. **June 16, 2023**: Parties to exchange initial disclosures;
2. **July 17, 2023**: Parties to exchange initial document requests and interrogatories;
3. **December 29, 2023**: Completion of fact discovery;
4. **45 days after completion of fact discovery**: Parties to exchange expert reports; and
5. **45 days after exchange of initial expert reports**: Parties to exchange rebuttal expert reports, if any.

The City thanks the Court for its time and consideration.

Respectfully submitted,

\_\_/s/_____
Jacquelyn Dainow
*Assistant Corporation Counsel*

cc:   All counsel of record (via ECF)