UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MORGAN and DAVID NIEVES, as
Putative Administrators of the Estate of Their Brother
Michael Nieves,

Plaintiffs,

– against –

CITY OF NEW YORK and DOES #1-11,

Defendants.

No. 23-cv-1079 (NRB)

## STIPULATION AND PROTECTIVE ORDER REGARDING <u>CONFIDENTIAL INFORMATION</u>

**WHEREAS**, Plaintiffs Anthony Morgan and David Nieves, as Putative Administrators of the Estate of their Brother Michael Nieves (collectively, "Plaintiffs"), and Defendant the City of New York (the "City," together with the Plaintiffs, the "Parties") have agreed to produce certain documents, including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files;

**WHEREAS**, discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

**WHEREAS**, good cause exists for the entry of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiffs and the City, as follows:

1.      As used herein, "Action" shall mean the pending action captioned *Morgan v. City of New York*, 23-cv-1079 (NRB).

2.      As used herein, the term "document" shall have the meaning set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

3.      Either party may designate documents produced in connection with this Action as "Confidential," by clear notation on the document in a manner so as not to interfere with the legibility thereof, or, only if that is not feasible, by designating such documents by title or Bates number, in a writing directed to the Receiving Party's attorneys.

4.      As used herein "Confidential Materials" shall mean medical and psychological records and documents that have been designated as Confidential by either party.

5.      The parties' attorneys shall not use Confidential Materials for any purpose other than for the preparation, settlement, or presentation of their case in this Action.

6.      "Producing Party" shall mean the party producing "Confidential Materials."

7.      "Receiving Party" shall mean the party receiving "Confidential Materials."

8.      In the event the Receiving Party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Materials, the Receiving Party shall notify the Producing Party of such disagreement in writing no later than thirty (30) days prior to the close of discovery.  The Parties shall first try to dispose of such disputes in good faith on an informal basis.  If the dispute cannot be resolved within fourteen (14) days, the Producing party must seek affirmative relief from the Court permitting the Producing Party to designate the materials in question as Confidential Materials.  The Producing Party's failure to seek relief from the Court within fourteen (14) days of the Receiving Party's written notice of its disagreement about the designation shall constitute a waiver of the asserted confidentiality, except where such confidentiality is conferred by federal, state or local law, ordinance or

- 2 -

regulation.   The party asserting confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court.  If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

9.     Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Materials shall not be furnished, shown, or disclosed to any person or entity except to:

     a.   the Parties and personnel of the Parties engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

     b.   counsel for the Parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff);

     c.   any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

     d.   the Court and Court personnel;

     e.   an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

     f.   deposition or trial witnesses or persons contacted by a Party based on a good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor; and

g. an expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this Action (including consulting experts).

10.     Before any disclosure is made pursuant to sections (f)-(g) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that Party's attorneys and a copy shall be furnished to the Producing Party upon request, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced. Nothing in this provision shall require disclosure by a Party of the identity of non-testifying experts and/or consultants.

11.     A party that seeks to file any paper that incorporates any Confidential Materials or reveals the contents thereof with the Court shall move the Court for permission to file said papers under seal in accordance with the rules of the Court and presiding judge, except where such sealed filing is required pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. Such material shall remain confidential and shall not be publicly filed with the Court until such application is decided. In the interim, to the extent necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of Civil Procedure, the filing party who seeks to include Confidential Materials in papers to be filed in Court shall file such papers in accordance with Section 6 of the Court's ECF Rules and Instructions pending the Court's ruling on the motion to seal, and provide a complete and an unredacted version thereof directly to the judges' chambers and opposing counsel and not cause them to be publicly filed with the Court

until after the motion to seal has been decided or the parties agree that the materials can be publicly filed.

12.    In addition, where reasonable advance notice is given and the Parties agree in writing to the use of Confidential Materials in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subject to the instant Stipulation and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

13.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

14.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.  Upon receipt of notice from the Producing Party that any document or information subject to this paragraph was inadvertently produced, the Receiving Party shall promptly return such documents to the Producing Party and destroy any writing that reveals the substance of such documents or information.

15.    The inadvertent production of Confidential Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as

Confidential Material. Upon receiving reasonable notice from the Producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly as of the date of that notice.

16.     Nothing in this Stipulation and Protective Order shall preclude a Producing Party from using, for any purpose outside this litigation, documents it has produced, or deposition testimony it alone has designated (and no other party has designated), as "Confidential Materials."

17.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all documents consisting of or containing Confidential Materials and all reproductions thereof, shall be returned to the Producing Party's attorneys or destroyed (except as to privileged material which shall be destroyed). Notwithstanding anything to the contrary, the Receiving Party's attorney may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to identify such documents as Confidential Materials and to advise that such documents are subject to this Stipulation and Protective Order. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation and Protective Order.

18.     Nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local law, ordinance or regulation limiting the disclosure of Confidential Materials, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Materials from disclosure.

19.     This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information.

20.     This Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.

21.     This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

22.     This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

Dated: June 5, 2023
        New York, New York

**FOR PLAINTIFFS:**

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____
Jonathan S. Abady
Samuel Shapiro
Emily Wanger
600 Fifth Avenue, 10th Floor
New York, N.Y. 10020
Telephone: (212) 763-5000
*Attorneys for Plaintiffs*

**FOR DEFENDANTS:**

CORPORATION COUNSEL OF THE CITY OF NEW YORK

By: ____/s/ Jacquelyn Dainow_____
Jacquelyn Dainow
100 Church Street
New York. New York 10007

(212) 356-0896
*Attorneys for Defendants*


SO ORDERED:

_____
HON. NAOMI REICE BUCHWALD, U.S.D.J.

Dated: June 8, 2023
        New York, NY

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Regarding Confidential Information entered in the United States District Court for the Southern District of New York in the action entitled *Morgan v. City of New York*, No. 23-cv-1079 (NRB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this action, and will not disclose the Confidential Materials except in testimony taken in this action.

_____                    _____
Date                                            Signature

                                                _____
                                                Print Name

                                                _____
                                                Occupation