

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN J. DOODY**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-4362<br>Email: johdoody@law.nyc.gov |

April 12, 2024

VIA E.C.F.
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re: Morgan *et al.* v. City of New York, No. 23 Civ. 1079 (NRB)

Dear Judge Buchwald:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York ("City") in the above-referenced matter. We respectfully write to the Court, pursuant to the terms of the applicable Protective Order (ECF #17) to advise that after meeting and conferring, the parties have reached an impasse with respect to Defendant's designation of certain video clips as "confidential materials", which Plaintiffs disagree with (ECF #17, Para. 8). In compliance with the terms of the Protective Order Defendant, as the producing party, hereby seeks affirmative relief from the Court permitting the City to designate the video clips as confidential. At issue are three (3) video clips from Correction Officer body cams depicting DOC operations within the Anna M. Kross Center ("AMKC") on Rikers Island on August 25, 2022. The clips include officer interactions with third-parties, including detainees, other officers and medical responders.

      At the outset, it bears noting that this is no dispute regarding the discoverability of the video clips. Defendant has produced unedited video with audio, which it has designated as confidential at this stage of the proceedings. At this stage of the litigation, admissibility is not at issue. Pursuant to the terms of the Protective Order, as "confidential materials" the videos may be provided to and viewed by the Plaintiffs and their counsel, personnel, third-party vendors as necessary, deposition witnesses, expert(s) and the Court, among others. (ECF #17, Para. 9). Plaintiffs, their counsel and those working on the case at their behest have unfettered access to the video clips and are unable to demonstrate any harm in receiving and making use of the videos under the present "confidential" designation. Further, Plaintiffs cannot claim a presumption of public access to the videos warranting public disclosure, which appears to be the what Plaintiffs' wish to do with the confidential videos and the basis for their disagreement with Defendant's designation.

      It is well-settled in the Second Circuit that there is no presumption of a right of public access to documents or materials "passed between the parties in discovery" *United States v.*

*Amodeo*, 71 F.3d 1044, 1050 (2d. Cir. 1995) ("*Amodeo II*"). "The fact that a document (here a video) is relevant to the subject matter of a judicial proceeding, or that the proceeding was in some way stimulated by the document does not make it public". *Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). Before any right of public access can attach, the documents or materials sought to be publicly disclosed must be deemed to be "judicial documents" by a court. *Lugosch v. Pyramid Co*. 435 F.3d 110, 119 (2d Cir. 2005). The videos at issue here are clearly not judicial documents and, as such, there is no presumption of public access whatsoever. *Lugosch* at 119. Since there is no presumption of public access, this Court need not look any further or weigh any additional factors in determining that public access to the materials is unwarranted and the confidential designation by Defendant is proper.

Even if the videos at issue were determined to be judicial documents, which they are not, any presumed right to public disclosure is greatly outweighed by the countervailing factors to be balanced against such a presumption. *Amodeo II,* 71 F.3d at 1050. As indicated, the videos depict security operations within a closed, non-public correctional facility and depict innocent third-parties such as a non-party detainee, correction officers and officials, and medical personnel. Here, when balancing public disclosure against such countervailing factors as the danger of impairing law enforcement/correction operations, judicial efficiency and privacy interests, the countervailing factors prevail over public disclosure. "The privacy interests of innocent third-parties as well as those of defendants that may be harmed by disclosure … should weigh heavily in a court's balancing equation" in determining whether public disclosure of judicial documents should be permitted. *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). "Such interests, while not always fitting comfortably under the rubric 'privacy' are a venerable common law exception to the presumption of access". *Amodeo II,* 71 F.3d at 1051. The videos at issue contain sensitive images and information as well as clear depictions and views of innocent third-parties and audio of their conversations, and as such, fall squarely within the rubric of 'privacy' to be protected. Here, there are clear privacy interests, as well as corrections operations and security concerns that greatly favor upholding Defendant's designation of the disclosed video clips as "confidential materials".

Accordingly, for the foregoing reasons, the City respectfully requests that the Court grant its request and permit Defendant to designate the disclosed videos as confidential under the terms of the Protective Order herein.

The City thanks the Court for its time and consideration of this letter motion.

Respectfully submitted,

*John Doody*

John Doody
*Assistant Corporation Counsel*

cc:   All counsel of record (via ECF)