

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN A. DAINOW**
*Assistant Corporation Counsel*
Phone: (212) 356-0896
Fax: (212) 356-1148
Email: jadainow@law.nyc.gov

May 8, 2024

VIA E.C.F.
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: Morgan *et al.* v. City of New York, No. 23-cv-1079 (NRB)

Dear Judge Buchwald:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York ("City") in the above-referenced matter.

I write on behalf of all Defendants in this action (both agency and individual[1]), to respectfully request a 45-day extension of time to respond to Plaintiffs' Amended Complaint, from May 13, 2024 to June 27, 2024, and also for an extension of the July 15, 2024 fact discovery deadline to August 29, 2024. The reason for the requested extensions is that the individually named Defendants have only just recently been served (one less than a week ago), and this Office needs sufficient time to review requests for representation once received, conduct representation interviews, and make representation decisions with respect to these individuals. Specifically, an extension of time is necessary to afford this Office an adequate opportunity to meet and review the case with the individual defendants, after they have requested representation by the Law Department, in order make appropriate representation determinations, pursuant to NY General Municipal Law ("GML") 50-k. The officers must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorization. Only after this process has been followed can this Office determine how to proceed in this case. (See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation

---

[1] The Law Department currently represents only the City. It seeks an extension of time to respond to Plaintiffs' Amended Complaint on behalf of the individually named New York City Department of Correction ("DOC") Defendants, as well, while representation determinations are made.

Counsel as set forth in state law). The requested extension of time will afford this Office the opportunity to meet with each officer and make appropriate representation determinations in an efficient manner.  Further, in order not to waste this Court's time and resources, this extension is respectfully requested so that all responses to the Amended Complaint can be served at the same time.  Lastly, an extension of the discovery deadline is necessary as depositions cannot be scheduled or commenced before representation decisions are made.

This is Defendants' second request for an extension of these deadlines. The Court previously granted, in part, Defendants' first request to extend these deadlines from April 1, 2024 to May 15, 2024, and May 31, 2024 to July 15, 2024, respectively (*see* ECF No. 35).  Plaintiffs do not consent to this request.  Plaintiffs argue below, *inter alia,* that it is the City's fault that the individual Defendants were not served sooner, alleging that the City failed to provide Plaintiffs with service addresses and/or correct service addresses.  However, such is not the case; officer postings change all of the time and the City provided the information it believed to be correct when received from DOC.  At no point did, nor would, the City ever knowingly or intentionally withhold service addresses or provide incorrect service addresses, and any argument by Plaintiffs that this was the case here is incorrect and should be disregarded.  Further, as stated above, it is irrelevant if the City was on notice of who was named as a Defendant in this case as the City cannot do anything until those Defendants are properly served, request representation, representation interviews are conducted, and representation decisions are made.  Further, with respect to Plaintiffs claiming that Defendant Tinsley's time to respond to their Amended Complaint has passed, again, the City must go through the procedure outlined above pursuant to GML 50-k in order to make representation decisions before a response can be served, and sufficient time is required for same.

**Plaintiff's position:**

Plaintiffs do not consent to the City's request for an extension of time for Defendants to respond to the Amended Complaint or for the parties to complete discovery. The City has known the names and shield numbers of all four Individual Defendants named in the Amended Complaint for over two months, as Plaintiffs sent their Amended Complaint to counsel for the City on March 4, 2024 to request the City's consent to file it pursuant to FRCP 15(a)(2). The City has apparently taken no steps in the months since Plaintiffs filed their Amended Complaint on March 11, 2024 to meet the deadline that the Court set for the City to respond.

The City now claims it needs an additional month and a half to respond to the Amended Complaint because the Individual Defendants have only recently been served.  But the timing of service on the Individual Defendants is entirely attributable to the City's delays in providing Plaintiffs with accurate service information, as set forth below.

- **Defendant Mary Tinsley-Thomas**. Plaintiffs requested service information on March 7, 2024. Despite multiple follow-up emails, counsel for the City did not provide that information until nearly three weeks later, on March 26, 2024, when they instructed Plaintiffs to serve Defendant Tinsley-Thomas by email to counsel at the Department of Correction. Plaintiffs did so on March 29, 2024 and counsel for the Department of Correction responded confirming that he agreed to accept service on April 1, 2024. The

deadline for Defendant Tinsley-Thomas to respond to the Amended Complaint was April 19, 2024, but Defendant Tinsley-Thomas has not yet responded.

- **Defendant Beethoven Joseph**. Plaintiffs requested service information on March 7, 2024. The City *twice* provided Plaintiffs with incorrect service addresses for Defendant Joseph, causing Plaintiffs to incur unnecessary process server costs. The City finally provided Plaintiffs with the correct address on May 3, 2024. Plaintiffs served Defendant Joseph on May 7, 2024.

- **Defendant Jalil Telemaque**. Plaintiffs requested service information on March 7, 2024. The City provided Plaintiffs with an incorrect service address for Defendant Telemaque, causing Plaintiffs to incur unnecessary process server costs. The City finally provided Plaintiffs with the correct address on April 19, 2024. Plaintiffs served Defendant Telemaque on April 23, 2024.

- **Defendant Jeron Smith**. Plaintiff requested service information on March 7, 2024. The City provided service information for Defendant Smith on March 26, 2024. Defendant Smith was served on April 23, 2024, on the same day Plaintiffs served Defendant Telemaque and unsuccessfully attempted to serve Defendant Joseph for the second time.

Given that the delay in serving the Individual Defendants is the direct result of the City's failure to provide accurate service information in a timely manner, the City cannot use this as the basis to extend Defendants' deadlines to respond to the Amended Complaint. Nor is there any reason to adjourn the deadline to complete fact discovery at this point. The fact that the City apparently has not yet determined who will represent the Individual Defendants is no justification, as the City has had over two months to do so. The City's unjustified delay does not warrant extending the fact discovery deadline.

Accordingly, the City respectfully requests that Defendants' time to respond to Plaintiffs' Amended Complaint be extended to June 27, 2024, and that the fact discovery deadline be extended to August 29, 2024.

The City thanks the Court for its time and consideration.

Application granted in part.  The Court grants 30-day extension both for defendants to respond to the Amended Complaint and for fact discovery deadline.

Respectfully submitted,

__/s/ _____
Jacquelyn Dainow
*Assistant Corporation Counsel*

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2024
       New York, New York

3