

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br><br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JACQUELYN A. DAINOW<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-0896<br>Fax: (212) 356-1148<br>Email: jadainow@law.nyc.gov |
|---|---|---|

May 16, 2024

<u>VIA E.C.F.</u>
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

        Re: Morgan *et al.* v. City of New York, No. 23-cv-1079 (NRB)

Dear Judge Buchwald:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York ("City") in the above-referenced matter. I write pursuant to Your Honor's Order, dated May 9, 2024 (ECF No. 59), to respond to Plaintiffs' letter response (ECF No. 46) to the City's letter motion (ECF No. 45).

    At the outset, contrary to what Plaintiffs will try to have this Court believe, good cause exists for issuance of a protective order by this Court to protect the body camera footage at issue from being plastered on the news. As set forth in the City's moving papers (ECF No. 45), privacy and security concerns are paramount here. With respect to security, the videos depict sensitive security information about staffing, the nature and extent of cell searches, procedures in place, and the interior dimensions of a closed correctional facility, which is not otherwise available to the public. Plaintiffs' claim that the City's reasoning is conclusory is meritless, as any further description regarding how security would be affected would ipso facto compromise exactly what the City is trying to protect. Further, the videos depict innocent third-parties such as a non-party detainee, correction officers and officials, and medical personnel whose privacy interests would be compromised if such footage were disseminated to the press. The videos also contain sensitive images and information, as well as clear depictions and views of innocent third-parties and audio of their conversations and, as such, fall squarely within the rubric of 'privacy' to be protected. Thus, again, Plaintiffs' claim that the City's reasoning is conclusory is unavailing. Further, Plaintiffs have failed to set forth a sufficient basis to claim why, especially at this stage of the litigation, the privacy of non-parties should not be protected. Plaintiffs have also failed to establish why a detainee does not have a privacy interest in his likeness and to the materials in his cell. Notwithstanding, dissemination of this footage to the public would be damaging and severely prejudicial not only to the City, as DOC is an agency of the City, but to the individual Defendants seen on video, as potential jurors could see this footage which would thereby nullify any

impartiality. Also, redactions of the footage would be wholly insufficient to eradicate this inevitable bias because the individuals' identity, by virtue of appearing on the video, can still be gleaned. Thus, not only should the relief requested by Plaintiffs be denied, but the alternative requested relief, *i.e.*, "a limited protective order designating as confidential only those portions of the videos depicting third parties" should be denied, as well (*see* ECF No. 46).

Plaintiffs further allege that the City has failed to satisfy the Rule 26(c) test. However, not only is Plaintiffs' argument futile, but a close reading of FRCP 26(c) clearly states that "[t]he court, may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Here, a dissemination of the video footage at issue to the press, which is exactly what Plaintiffs intend to do, would most certainly annoy, embarrass and, most importantly, oppress not only the Defendants in this case, but non-parties to this action, as set forth above. Additionally, Plaintiffs' reference to the New York Times article (ECF No. 46, p. 2, n. 1) is inapposite here as the facts and circumstances surrounding that case are completely different. Specifically, the video footage in that case was not exchanged in discovery and, based on the article cited by Plaintiffs, which is not dispositive, it is unclear how Plaintiff's counsel even obtained the footage. Accordingly, Plaintiffs' argument should be disregarded. Plaintiffs' further claim that the City seeks to shift the burden [to demonstrate good cause for a protective order to Plaintiffs] by citing cases regarding the judicial documents doctrine is not only incorrect, but a red herring. As noted in the City's moving papers, before any right of public access can attach, the documents or materials sought to be publicly disclosed must be deemed to be judicial documents by a court. *Lugosch v. Pyramid Co*. 435 F.3d 110, 119 (2d Cir. 2005). Here, the video footage at issue is not a judicial document and, thus, any argument by Plaintiffs that the facts of the cases cited are inapposite is irrelevant as there is no presumption of public access here.

It is the City's position that the body camera footage at issue would not be available under NY's Freedom of Information Law ("FOIL") as it falls under the Law Enforcement Exemption of the NY Public Officers Law ("POL"). Specifically, POL § 87(2)(e)(i) "exempts from disclosure records that are compiled for law enforcement investigations *or judicial proceedings*" (emphasis added). *Matter of Time Warner Cable News NY1 v. New York City Police Dept.*, 53 Misc. 3d 657, 666 (NY Sup. Ct. 2016). "This provision broadly permits an agency to make a 'generic determination' that disclosure of a record would interfere with a judicial proceeding against a particular individual." *Id. See also Matter of Sarkodie v. Kings County Dist. Attorney*, 206 N.Y.S.3d 140, 143 (App. Div. 2d Dept 2024) (pursuant to POL § 87(2)(e)(i), "an agency 'may deny access to records or portions thereof' where the requested records were 'compiled for law enforcement purposes' and, if disclosed, 'would . . . interfere with law enforcement investigations or judicial proceedings'"). Thus, where body camera footage, like here, relates to a judicial proceeding against an individual, it may be withheld. *Matter of Time Warner Cable*, 53 Misc. 3d at 666; *see also* POL § 87(2)(e)(iii). Further, "an agency [seeking to invoke the exemption contained in POL 87(2)(e)(i)] must still fulfill its burden under [POL] § 89(4)(b) to articulate a factual basis for the exemption" and "the agency must identify the generic kinds of documents for which the exemption is claimed, and the *generic* risks posed by disclosure of these categories of documents (emphasis added)." *Matter of Lesher v Hynes,* 19 N.Y.3d 57, 67 (2012). The City has clearly met that burden by outlining the significant privacy and security concerns both in this letter and in its moving papers, and any argument by Plaintiffs to the contrary is unavailing.

2

Accordingly, the City respectfully requests that the Court grant its request and permit Defendant to designate the disclosed videos as confidential under the terms of the Protective Order herein.

The City thanks the Court for its time and consideration.

Respectfully submitted,

__/s/_____
Jacquelyn Dainow
*Assistant Corporation Counsel*

cc: All counsel of record (via ECF)